# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GERALD KELLER, | : | |
|     Petitioner, | : | PRISONER HABEAS CORPUS |
| | : | 28 U.S.C. § 2254 |
| v. | : | |
| | : | CIVIL ACTION NO. |
| ROGER GARRISON, | : | 1:08-CV-3233-RWS-LTW |
|     Respondent. | : | |

## **ORDER**

On November 25, 2008, this Court adopted Magistrate Judge Linda T. Walker's Final Report and Recommendation and dismissed this action without prejudice for failure to exhaust available state remedies. (Docs. 5 and 9). Petitioner has now filed a motion for reconsideration, an amended petition without first seeking leave of this Court, two identical motions for a certificate of probable cause to appeal the dismissal of his federal habeas corpus petition, and two identical motions for leave to appeal in forma pauperis. (Docs. 13-16).

I.    Motion for Reconsideration

"Motions for reconsideration shall not be filed as a matter of routine practice." Local Rule 7.2(E). Instead, a motion for reconsideration "should be reserved for extraordinary circumstances, such as the discovery of new evidence,

an intervening development or change in the law, or the need to correct a clear error or prevent manifest injustice." Adler v. Wallace Computer Services, Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001); Preserve Endangered Areas of Cobb's History v. United States Army Corps of Engineers, 916 F. Supp. 1557, 1560-61 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

In his motion for reconsideration, Petitioner asks this Court to conduct a *de novo* review of the record of this case. (Doc. 13 at 1). This Court has reviewed the original petition and agrees with Magistrate Judge Linda T. Walker that Petitioner did not exhaust his available state remedies.

Petitioner also asks this court to consider his amendment to his habeas corpus petition. (Id.). According to Petitioner, the amendment shows that he has exhausted his state remedies. (Id.). This Court's review of that amendment shows that Petitioner improperly attempted to raise his claims pro se, while he was represented by counsel. (Doc. 14 at 5 and 14). In determining whether a petitioner has exhausted his state remedies, a federal court must "ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies. . . ." O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (italics in original). "[A] state prisoner seeking federal habeas corpus relief, . . .

2

who attempts [in a state court] to raise it [his federal constitutional claim] in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court." Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994). In Georgia, a defendant is not permitted to raise claims pro se when he is represented by counsel. See e.g. Voils v. State, 598 S.E.2d 33, 38 (Ga. Ct/ App. 2004) ("As Voils was represented by counsel when he filed the pro se motion, this motion was of no legal effect whatsoever."); Schaefer v. State, 519 S.E.2d 248 (Ga. Ct. App. 1999) ("a demand for speedy trial has no legal effect whatsoever if filed by a defendant acting pro se at a time when he is represented by counsel"). Accordingly, Petitioner has not exhausted his state remedies, and his motion for reconsideration should be denied.

II. Two Motions for Certificate of Appealability and Two Motions for Leave to Appeal In Forma Pauperis.

Petitioner has submitted two identical motions for a certificate of appealability ("COA") to have this Court's dismissal without prejudice of this action reviewed by the United States Court of Appeals for the Eleventh Circuit. (Docs. 15-16). Petitioner has not filed a notice of appeal. However, this Court will

3

construe these motions as notices of appeal. See Beatty v. United States, 293 F.3d 627, 629-30 (2d Cir. 2002) (apparently construing motion for COA as notice of appeal); Stevens v. Heard, 674 F.2d 320, 321-23 (5th Cir. 1982) (construing motion for COA as notice of appeal).

Pursuant to Rule 22(b)(1) of the Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Upon receipt of the notice of appeal, "the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Rule 22(b)(2).

Petitioner's reason for seeking a COA apparently involves a misunderstanding of this Court's dismissal of his petition. Petitioner contends that this Court "did not provide a choice to either exhaust state remedies or bring a new petition presenting only the exhausted claims." (Doc. 15 at 2; Doc. 16 at 2). This Court dismissed this action without prejudice. This type of dismissal permits Petitioner to file a new habeas petition which either includes claims already exhausted, if there are any, or to return to state court and attempt to exhaust his claims via a state petition for a writ of habeas corpus before returning to federal

4

court. As Petitioner is permitted to exercises the choices he believed he was being denied, his motions for a COA should be denied.

Petitioner also seeks leave to appeal as an indigent. Rule 24(a)(3)(A) of the Rules of Appellate Procedure states that leave to proceed in forma pauperis shall not be granted if "the district court . . . certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding." Because Petitioner's apparent motivation for seeking to appeal this Court's dismissal without prejudice of his habeas corpus petition concerns a misunderstanding of the dismissal Order, this Court certifies that the appeal is not taken in good faith. Therefore, Petitioner's two requests for leave to appeal as an indigent should be denied.

III. Amendment

Pursuant to Fed. R. Civ. P. 15(a), Petitioner has filed an amendment to his dismissed habeas corpus petition without first seeking leave of this Court. As noted above, the submitted amendment does not show that Petitioner has properly exhausted his state remedies. Therefore, the amendment does not alter the conclusion that Petitioner failed to exhaust his state remedies, and that this action

5

should be dismissed without prejudice. See Pliler v. Ford, 542 U.S. 225, 227 (2004) (a federal district court "must dismiss" without prejudice a petition containing "both unexhausted and exhausted claims"). Additionally, after an action is dismissed, "the right to amend under Rule 15(a) terminates." Czeremcha v. International Ass'n of Machinists and Aerospace Workers, AFL-CIO, 724 F.2d 1552, 1556 (11th Cir. 1984). Thus, Petitioner's amendment is not properly before this Court.

IV. Conclusion

**IT IS ORDERED** that Petitioner's motion for reconsideration [Doc. 13] and two identical motions for certificate of probable cause to appeal and accompanying motions for leave to appeal in forma pauperis [Docs. 15-16] are **DENIED**. Petitioner's amended petition [Doc. 14] is not properly before this Court, and the Clerk of the Court is **DIRECTED** not to file the amendment.

**IT IS SO ORDERED**, this  5th  day of February, 2009.

_____
**RICHARD W. STORY**
United States District Judge